131 F.3d 148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jires Hanna SANSOUR; Josephine Zaboura; Manal J. Sansour;
Maha Sansour, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70282.
 United States Court of Appeals, Ninth Circuit.
 Nov. 21, 1997.**
 
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jires Hanna Sansour, an Israeli national and a citizen of Jordan, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an immigration judge's ("IJ") denial of his application for asylum and withholding of deportation under §§ 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction under 8 U.S.C. § 1105a(a),[1] and we grant the petition.[2]
 
 
 3
 We review a factual determination of eligibility for asylum under the substantial evidence standard. See Prasad v. INS, 47 F.3d 336, 338-39 (9th Cir.1995). Such a determination may be reversed only if the evidence presented is such that a reasonable factfinder would be compelled to conclude that the requisite fear of persecution existed. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).
 
 
 4
 Sansour contends that the BIA's determination that he is not eligible for political asylum is unsupported by substantial evidence. We agree.
 
 
 5
 To be eligible for asylum, Sansour must establish that he suffered past persecution or has a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. See Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995). Sansour can establish persecution on account of political opinion by providing some evidence, direct or circumstantial, that his persecutors were motivated by political views they imputed to him, whether or not the persecutors were correct in doing so. See Elias-Zacarias, 502 U.S. at 483; Sangha v. INS, 103 F.3d 1482, 1490-91 (9th Cir.1997).
 
 
 6
 Sansour, a Palestinian Christian factory-owner living in the Israeli Occupied Territories, testified that because he paid taxes to Israel and did business with Israel, members of Islamic fundamentalist terrorist groups considered him to be an agent of Israel and threatened his life and the lives of his family. He testified that his wife was beaten by four men when she was observed paying business taxes and that he and his family received several telephone calls threatening death. He further testified that when he was on a business trip to Gaza, he was stopped by members of Hamas who accused him of being a Christian agent of Israel and threatened his life. Shortly thereafter, the windows of his factory and car were broken. Because he feared for his family's lives, his family fled the country and he sold his business to Israelis and fled.
 
 
 7
 The IJ found that Sansour's credibility was "undermined" but reached the merits of his claim. The BIA noted the IJ's reservations about Sansour's credibility but did not make a credibility finding. Because the BIA did not decide the credibility issue but fully explained the rationale for its decision on the merits, we assume that Sansour's testimony was credible and review the BIA's decision. See Maldonado-Cruz v. INS, 883 F.2d 788, 792, and n. 7 (9th Cir.1989)[3]
 
 
 8
 The BIA erred in determining that the evidence "[did] not adequately show that [Sansour] or his wife were threatened or harmed on account of their political opinion." Sansour's testimony that members of Hamas called him a "Christian agent of Israel," along with the evidence of death threats directly tied to his doing business with Israel, was sufficient to establish that he was persecuted on account of imputed political opinion. See Aquilera-Cota, 914 F.2d at 1379.
 
 
 9
 Further, Sansour established by credible, direct, and specific evidence that his fear of future persecution was both subjectively genuine and objectively reasonable. See Prasad, 47 F.3d at 338. The BIA erred by finding that the threats against Sansour were not particularized because others who paid their taxes to Israel also received threats. See Kotasz v. INS, 31 F.3d 847, 854-855 (9th Cir.1994) (that numerous others were similarly situated "in no way diminishes personal threat" to asylum applicant). The testimony shows that the threats and harm experienced by the Sansours were directed particularly against them because of Sansour's business dealings with Israel. See id. Also, the BIA improperly discounted evidence as to the telephone threats and the broken windows because the persons making the calls did not identify themselves. See Aquilera-Cota, 914 F.2d at 1380 (inability to identify precise source of threat does not render fear of persecution less justifiable). The repeated particularized threats to Sansour and his family by Islamic fundamentalist groups known to have the ability to carry them out, along with the harm to his wife and damage to his property, were sufficient to establish a well-founded fear of persecution. See id. (unsigned death threat and visit by stranger sufficient to establish well-founded fear).
 
 
 10
 Because the evidence compels the conclusion that Sansour has a well-founded fear of persecution on account of political opinion, we conclude that Sansour is eligible for asylum. See Elias-Zacarias, 502 U.S. at 483; Aquilera-Cota, 914 F.2d at 2380. Accordingly, we grant the petition and remand for the BIA to exercise its discretion.[4]
 
 
 11
 PETITION FOR REVIEW GRANTED; REMANDED FOR FURTHER PROCEEDINGS.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 8 U.S.C. § 1105a was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However, because petitioner was in deportation proceedings before April 1, 1997, section 309(c) of IIRIRA provides that this court continues to have jurisdiction under 8 U.S.C. § 1105a
 
 
 [2]
 The petitions of his wife Josephine Zaboura, and their two daughters, Maha and Manal Sansour, are derivative of Jires' petition. Because we grant Jires' petition, we grant those of his wife and daughters as well
 
 
 [3]
 Moreover, we note that the IJ's concerns about omissions of specific details on Sansour's asylum application and Sansour's quickly corrected misstatement about the year the events took place were not an adequate basis for a negative credibility determination. See Aquilera-Cota v. INS, 914 F.2d 1375, 1382 (9th Cir.1990)
 
 
 [4]
 We do not decide whether petitioner is eligible for withholding of deportation. The BIA should so decide on remand